Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| Paola S. Rodríguez Díaz<br><br>Recurrida<br><br>vs.<br><br>Flash Auto Imports, Inc.<br>Popular Auto LLC<br><br>Recurrente | KLRA202400050 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: SAN-2022-0012725<br><br>Sobre: Compraventa de Vehículos de Motor |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 14 de febrero de 2024.

Comparece ante nos, Popular Auto LLC (Popular Auto o parte recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Resolución" emitida el 22 de noviembre de 2023,[1] por el Departamento de Asuntos del Consumidor (DACo).  Mediante dicha determinación, el DACo decretó la resolución del contrato de compraventa suscrito entre la parte recurrente y la señora Paola S. Rodríguez Díaz (Sra. Rodríguez Díaz o parte recurrida).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos el dictamen a los únicos efectos de eliminar la responsabilidad solidaria impuesta contra Popular Auto, mediante los fundamentos que expondremos a continuación.

---

[1] Notificada en igual fecha.

Número Identificador

SEN2024 _____

## I.

El 1 de diciembre de 2022, la Sra. Rodríguez Díaz presentó una "Querella" ante el DACo contra Popular Auto y Flash Auto Imports, Inc. (FAI). En esencia, alegó que le vendieron un vehículo de motor que presentaba desperfectos mecánicos, y que tenía un motor que no le correspondía a ese carro. Por esto, solicitó la cancelación del contrato de compraventa.

El 27 de diciembre de 2022, Popular Auto presentó "Contestación a Querella" y, en lo pertinente, arguyó que la parte recurrida incumplió con el requisito de notificación previa dispuesto en la Ley Núm. 68 del 19 de junio de 1964, *infra*. Además, negó responsabilidad solidaria por los daños que pudiese haber causado el vendedor, en este caso, FAI.

Se celebró vista en su fondo el 13 de octubre de 2023, a la cual comparecieron ambas partes. Tras un análisis de la prueba documental y testifical presentada, el 22 de noviembre de 2023,[2] el DACo emitió una "Resolución" mediante la cual formuló las siguientes determinaciones de hecho, las cuales hacemos formar parte íntegra del presente dictamen:

> *1. Mediante contrato fechado 5 de agosto de 2022, la querellante Rodríguez Díaz, adquirió de los querellados Flash Auto Imports, un vehículo usado descrito en el contrato como un Kia del año 2017, Modelo Soul, Color Silver, número de motor (VIN #) KNDJP3A5XH7431914.*
>
> *2. El precio de compra pactado por las partes fue por la suma de $18,995.00 más $995.00 por un 'protector'. El precio fue satisfecho en su totalidad por la querellante mediante un pronto pago por la suma de $3,000.00 y financiando un balance de $16,990.00 por medio de Popular Auto, número de préstamo 82200136800260001.*
>
> *3. El primero de diciembre de 2022 se radica la querella de epígrafe alegando en síntesis que el vehículo venía presentando varios desperfectos y que el 'motor no le correspondía al carro'. Se solicitó la cancelación inmediata del contrato.*

---

[2] Notificada mediante depósito en el correo el 27 de noviembre de 2023.

*4. Con fecha de 6 de marzo de 2023 se presentó un primer informe de inspección indicando los desperfectos que presentaba el vehículo y que en ese momento eran reparables. Oportunamente, la parte querellante presentó objeción a dicho informe, solicitó la re inspección del vehículo para que de esta manera se pudiera corroborar la alegación en torno al número de motor.*

*5. La re inspección del vehículo se llevó a cabo el 9 de agosto de 2023. Entre otras cosas, se concluyó por el técnico que "el vehículo no está apto para correr en las carreteras por reglamentaciones estatales y federales. Registración de motor requerido por el negociado de vehículos hurtados en la policía de Puerto Rico. Control de emisiones por la EPA federal, DACO, y Calidad Ambiental del Estado Libre Asociado de Puerto Rico". Testificó que el número de serie (VIN #) es como una 'huella dactilar'. Aparte de la registración del motor, testificó que los demás desperfectos que presenta el vehículo son reparables.*

*6. Conforme se desprende del informe de re inspección, el número de serie del motor del vehículo en cuestión es KNDJ33AU1L7023992.*

*7. Conforme se desprende de la certificación emitida por el DTOP fechada 14 de agosto de 2023, ese número de motor corresponde a un Kia Soul del año 2020 color blanco, registrado a nombre de Universal Insurance Company.*

*8. La Sra. Aida Merle Ibarra, dueña del dealer de autos querellado, testificó que se dedicaba desde hace más de 10 años a comprar vehículos en subasta, acepto que el tipo de problema que se presenta en este caso puede surgir cuando se compran vehículos en subasta y admitió que este vehículo ella no lo inspeccionó para asegurarse que los números de motor y de la caja eran los mismos. Testificó estar dispuesta a reparar el vehículo incluyendo reemplazar el motor de ser necesario.*

Considerando la reglamentación aplicable, el DACo razonó que, antes de vender el vehículo, FAI tenía que completar el registro del motor. Asimismo, debía informarle a la parte recurrida que el motor no era el original. Sin embargo, concluyó que la evidencia admitida demostró que ninguna de estas condiciones se cumplió. Debido a esto, dispuso que el vehículo adquirido por la Sra. Rodríguez Díaz no puede ser utilizado en las vías públicas del País. Por entender que estos incumplimientos recaen sobre "el

corazón del vehículo",[3] entiéndase, sobre un aspecto determinante del contrato, y considerando que el desperfecto no puede ser corregido, resolvió que procedía la resolución del contrato de compraventa suscrito entre ambas partes. Así, ordenó a FAI y Popular Auto a restituir, solidariamente, el pronto pagado y las mensualidades satisfechas, más el pago de angustias mentales y honorarios de abogado.

Inconforme, el 18 de diciembre de 2023, Popular Auto presentó una "Moción de Reconsideración" y, en síntesis, cuestionó la determinación de responsabilidad solidaria por tres razones, a saber: (1) Popular Auto, como entidad financiera, no tiene responsabilidad ante el comprador por los vicios ocultos, (2) la Sra. Rodríguez Díaz no evidenció el cumplimiento con el requisito de notificación previa dispuesto en la Ley Núm. 68 del 19 de junio de 1964, *infra*, y (3) la parte recurrida tampoco evidenció que Popular Auto hubiese actuado con temeridad, por lo que no procede imponerle el pago de honorarios de abogado.

El DACo no tomó acción alguna sobre la "Moción de Reconsideración" presentada por la parte recurrente. Oportunamente, Popular Auto recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores:

> *Primer Error: Erró DACO al imponer responsabilidad solidaria entre el concesionario de venta, Flash Auto, y Popular Auto en el reembolso de pronto pago y mensualidades.*
>
> *Segundo Error: Erró DACO al imponer responsabilidad solidaria entre el concesionario de venta, Flash Auto, y Popular Auto en el pago de compensación por concepto de daños y angustias mentales.*
>
> *Tercer Error: Erró DACO al imponer responsabilidad solidaria entre el concesionario de venta, Flash Auto, y Popular Auto en el pago por concepto de honorarios de abogado en ausencia de temeridad.*

---

[3] Véase, "Resolución" a la pág. 9.

## II.

### -A-

la Ley Núm. 68 del 19 de junio de 1964, 10 LPRA sec. 731 *et seq.*, mejor conocida como la Ley de Ventas a Plazos y Compañías de Financiamiento, según enmendada, es el estatuto regulador de las ventas al por menor a plazos y las compañías de financiamiento. En lo concerniente, el Art. 202 (4) de la Ley Núm. 68 del 19 de junio de 1964, 10 LPRA sec. 742, dispone que:

> *Todo contrato de ventas al por menor a plazos deberá contener el siguiente aviso:*
>
> *El cesionario que reciba o adquiera el presente contrato al por menor a plazos o un pagaré relacionado con éste, quedará sujeto en igualdad de condiciones a cualquier reclamación o defensa que el comprador pueda interponer en contra del vendedor. El cesionario del contrato tendrá derecho a presentar contra el vendedor todas las reclamaciones y defensas que el comprador pueda levantar contra el vendedor de los artículos o servicios.*

Se trata de una "relación tripartita" entre el comprador, el vendedor y la entidad financiera, mediante la cual el vendedor cede su posición en el contrato de venta condicional a la compañía financiera, incluyendo sus derechos y obligaciones. *Berríos v. Tito Zambrana Auto, Inc.*, 123 DPR 317, 329 (1989).

Ahora bien, el Art. 209 (a) (3) de la Ley Núm. 68 del 19 de junio de 1964, 10 LPRA sec. 749, provee lo siguiente:

> *Si el vendedor no hubiere cumplido todas sus obligaciones para con usted, usted deberá notificarlo al cesionario, por escrito, mediante correo certificado con acuse de recibo, a la dirección indicada en este aviso, dentro de los 20 días siguientes a la fecha en que tenga conocimiento de algún hecho que pueda dar lugar a una causa de acción o defensa que surja de la venta y que pudiera usted tener en contra del vendedor.*

Según ha manifestado nuestro Tribunal Supremo, el propósito de la precitada disposición es "proteger al cesionario de un contrato de ventas a plazos de aquellas reclamaciones por

acciones de saneamiento por evicción o vicios ocultos". *Berríos v. Tito Zambrana Auto, Inc.*, *supra*, a la pág. 335.

**-B-**

La Sección 3.21 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9661, establece que las agencias, dentro de su función cuasi judicial, poseen la facultad para imponer sanciones. Entre ellas, la imposición de costas y honorarios de abogado, en los mismos casos que disponen las Reglas de Procedimiento Civil, 32 LPRA Ap. V. A esos efectos, la Regla 44.1 (d) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), rige lo concerniente a la imposición de honorarios de abogado. Pertinente al caso que nos ocupa dispone lo siguiente:

> *(d) Honorarios de abogado – En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso de que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.*

El propósito de la imposición de honorarios por temeridad es "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Andamios de P.R. v. Newport Bonding*, 179 DPR 503, 520 (2010), citando *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718 (1987).

Se entiende que un abogado, abogada o una de las partes actúa temerariamente cuando obliga a otra u otras partes a incurrir en gastos innecesarios al presentar reclamaciones frívolas, dilatar los procesos ya instados, o crear gestiones evitables.

*Marrero Rosado v. Marrero Rosado,* 178 DPR 476, 504 (2010); *Jarra Corp. v. Axxis Corp.,* 155 DPR 764, 779 (2001). Es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia. Aunque la imposición de honorarios de abogado es discrecional, determinada la existencia de temeridad la condena de honorarios es obligada. *Blás v. Hosp. Guadalupe,* 146 DPR 267, 334 (1998).

Ahora bien, no procede la imposición del pago de honorarios de abogado en las siguientes circunstancias, a saber: (1) cuando lo que se enuncia ante el tribunal son controversias complejas y novedosas que no han sido resueltas; (2) cuando se actúa acorde con una apreciación errónea del derecho y no hay precedentes establecidos sobre el asunto, o (3) cuando existe alguna discrepancia genuina en cuanto a quién favorece el derecho aplicable. *Santiago v. Sup. Grande,* 166 DPR 796, 821 (2006). En estas situaciones, la temeridad es inexistente. *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 277 (2021).

Sin embargo, si no está presente alguna de estas circunstancias, la determinación imputando temeridad descansa en la sana discreción del foro primario. *Torres Vélez v. Soto Hernández,* 189 DPR 972, 993–994 (2013). Por ende, los tribunales apelativos sólo intervendrán con dicha determinación cuando surja un abuso de discreción.

### III.

Según revela el trámite procesal discutido, el DACo emitió una "Resolución" mediante la cual decretó la resolución del contrato de compraventa suscrito entre las partes. En atención a lo cual, ordenó a FAI y Popular a Auto al pago solidario de las cantidades satisfechas por la parte recurrida en concepto de pronto y mensualidades, más el pago de angustias mentales y honorarios de abogado.

En sus primeros dos señalamientos de error, Popular Auto cuestiona la imposición de responsabilidad solidaria bajo los siguientes argumentos: (1) la responsabilidad de que el vehículo cumpla con las debidas inspecciones es del vendedor (FAI), y no de la compañía financiera; (2) es el vendedor del vehículo (FAI) quien responde por los vicios ocultos, y Popular Auto no tiene la obligación de sanar dichos defectos; y (3) no procede imputarle responsabilidad solidaria a la compañía financiera cuando la parte recurrida incumplió con el requisito de notificación previa dispuesto en el Art. 209 (a) (3) de la Ley Núm. 68 del 19 de junio de 1964, *supra*.

Sobre el primer punto, la contención de la parte recurrente es que, "como Popular Auto no es el vendedor del vehículo de motor, no tiene la obligación de inspeccionar la unidad que adquirió [la Sra. Rodríguez Díaz]. Por tanto… no responde por cualquier daño que cause el incumplimiento del vendedor con el Reglamento".[4]

A esos efectos, resulta pertinente lo resuelto por nuestro Tribunal Supremo en el caso de *R & J v. D.A.Co.*, 164 DPR 647, 658 (2005), donde se resolvió que:

> *El Art. 8 del Reglamento [de Garantías] dispone específicamente que la responsabilidad de someter los documentos al D.T.O.P. para la inscripción del vehículo es del vendedor, definido como entidad o persona, debidamente autorizada, dedicada a la venta de vehículos de motor.* **Por lo tanto, esta obligación es del vendedor (cedente) y no de la compañía que financió el vehículo. La compañía financiera no es considerada un vendedor para la referida disposición reglamentaria, razón por la que no está llamada a cumplir con esa obligación impuesta por dicho cuerpo reglamentario al vendedor (cedente).**

(Énfasis nuestro).

Con esto en mente, procedemos a examinar la Regla 31 del Reglamento de Garantías de Vehículos de Motor, Reglamento Núm.

---

[4] Véase, apéndice pág. 7.

7159 del 6 de junio de 2006 (en lo sucesivo, Reglamento de Garantías), la cual, en términos literales, lee como sigue:

> **No se venderá ningún vehículo de motor usado sin que**:
>
> a. **Haya pasado la inspección que requiere la Ley** de Vehículos y Tránsito de Puerto Rico.
>
> b. Su velocímetro y odómetro estén trabajando satisfactoriamente y **se verifique que no han sido alterados y que tenga el "vin number" en todas las piezas** con respecto a aquellos modelos y marcas de vehículos de motor que designe de tiempo en tiempo el gobierno federal.

(Énfasis suplido).

Tras una lectura de la precitada disposición reglamentaria, concluimos que, **la responsabilidad de inspeccionar el vehículo de motor y asegurarse de que este tenga el "vin number" en todas las piezas es del vendedor**, **y no de la compañía que financió el vehículo**. Según la Regla 5 del Reglamento de Garantías, *supra*, el término "vendedor" incluye a aquellas entidades o personas, debidamente autorizadas, que se dediquen a la venta o permuta de vehículos de motor. Ante un lenguaje claro y preciso, estamos impedidos de añadirle un significado que no está contenido en él. Véase, Art. 19 del Código Civil de Puerto Rico, 31 LPRA sec. 5341. Como la compañía financiera no está incluida dentro de esta definición, no puede exigírsele el cumplimiento con una obligación que se le ha impuesto al vendedor. Determinar lo contrario sería otorgarle una interpretación extensiva a la referida Regla 31 del Reglamento de Garantías, *supra*, imponiéndole así a la firma financiera una responsabilidad que, por virtud de ley, no le compete.

Por ende, es el vendedor cedente (FAI) quien tiene la responsabilidad de cumplir con las obligaciones principales de todo vendedor, incluyendo las establecidas en el Código Civil, y aquellas que, de forma específica, se le han impuesto al vendedor

como, por ejemplo, aquellas impuestas en la Regla 31 del Reglamento de Garantías, *supra.*

Por otro lado, Popular Auto sostiene que es el vendedor del vehículo (FAI) quien responde por los vicios ocultos que tenía el vehículo adquirido por la Sra. Rodríguez Díaz, ya que el concesionario cedente del contrato no queda liberado de su responsabilidad en cuanto al saneamiento de la cosa vendida.

Según expresó nuestra Alta Curia en *Berríos v. Tito Zambrana Auto, Inc.*, *supra*, a la pág. 330, el hecho de que el vendedor haya cedido su contrato de venta al por menor a plazos no implica que éste queda liberado de responsabilidad ante el comprador. Esto, en virtud del Art. 209 (f) de la Ley Núm. 68 del 19 de junio de 1964, *supra.* **Por tanto**, **el concesionario**, **aun cuando haya cedido su contrato**, **sigue siendo responsable ante el comprador por el saneamiento de la cosa vendida**. En ese contexto, es el vendedor del vehículo (FAI) quien responde por los vicios ocultos que tenía el vehículo adquirido por la Sra. Rodríguez Díaz.

Según dispone nuestro Código Civil, es la persona que transmite el bien a título oneroso quien responde por sus defectos ocultos. Véase, Art. 1261 del Código Civil de Puerto Rico, 31 LPRA sec. 9851. En otras palabras, como el saneamiento de la cosa vendida es una de las obligaciones principales del vendedor, es este último quien responde por los defectos que pueda presentar el objeto vendido. No podemos, por tanto, adjudicarle esta responsabilidad a la empresa que financia.

A su vez, Popular Auto sostiene que no existe responsabilidad solidaria entre el cedente y el cesionario cuando el comprador ha incumplido con el requisito de notificación previa dispuesto en el Art. 209 (a) (3) de la Ley Núm. 68 del 19 de junio de 1964, *supra*, el cual lee como sigue:

> *Si el vendedor no hubiere cumplido todas sus obligaciones para con usted, usted deberá notificarlo al cesionario, por escrito, mediante correo certificado con acuse de recibo, a la dirección indicada en este aviso, dentro de los 20 días siguientes a la fecha en que tenga conocimiento de algún hecho que pueda dar lugar a una causa de acción o defensa que surja de la venta y que pudiera usted tener en contra del vendedor.*

(Énfasis provisto).

Según manifestó nuestro Alto Foro, el propósito de la antedicha disposición es "proteger al cesionario de un contrato de ventas a plazos de aquellas reclamaciones por acciones de saneamiento por evicción o vicios ocultos". *Berríos v. Tito Zambrana Auto, Inc.*, *supra*, a la pág. 335.

**No albergamos duda de que**, **la causa de acción presentada por la Sra. Rodríguez Díaz surge por un defecto en el objeto del contrato**. **Por consiguiente**, **estamos ante una acción que está dentro del marco de la figura del saneamiento**. Siendo esto así, el Art. 209 (a) (3) de la Ley Núm. 68 del 19 de junio de 1964, *supra*, es de aplicación a los hechos del presente caso y, consecuentemente, la parte recurrida tenía que notificarle a Popular Auto sobre los defectos que tenía el vehículo de motor, y en cuanto a la posible causa de acción a presentarse contra el *dealer*. **Sin embargo**, **de los autos no surge que la Sra. Rodríguez Díaz haya cumplido con este requisito de notificación previa**, **dentro del término de 20 días dispuesto en el Art. 209 (a) (3) de la Ley Núm. 68 del 19 de junio de 1964**, *supra*.

Ante esta realidad, no procedía imponer responsabilidad solidaria entre FAI y Popular Auto. Esta protección que posee el cesionario no puede ser obviada. Tenía el comprador que notificar al financiador dentro del término expresado.

Finalmente, en su tercer señalamiento de error, Popular Auto solicita que eliminemos la partida de honorarios de abogado,

puesto que de la "Resolución" recurrida no surge que la parte recurrente haya incurrido en conducta temeraria.

Cónsono con el derecho antes esbozado, las agencias poseen facultad para imponer sanciones, incluyendo la imposición de honorarios de abogado. Aunque esta determinación descansa en la sana discreción del foro primario, los tribunales apelativos estamos facultados a intervenir cuando surja un abuso de discreción. Por todas las razones que anteceden, concluimos que Popular Auto no incurrió en temeridad o frivolidad al presentar una causa de acción impugnando la imposición de responsabilidad solidaria cuando, como cuestión de derecho, tiene razón. Ante la ausencia de un reclamo frívolo o desprovisto de fundamentos, abusó de su discreción el DACo al imponerle a la parte recurrente el pago solidario de honorarios de abogado.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se revoca la "Resolución" recurrida, a los únicos efectos de eliminar la responsabilidad solidaria impuesta contra Popular Auto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones